# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDY BRENAY CHARLES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1516 |
| | § | |
| CHILD PROTECTIVE SERVICES, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER OF DISMISSAL

Petitioner Brandy Brenay Charles, proceeding *pro se*, filed this "Emergency Application for Writs" under section 2241. She sets forth numerous complaints arising from a pending Harris County civil lawsuit, *In the Interest of K.L.W., a Child*, Case No. 2017-02559J in the 314th District Court of Harris County, Texas. Petitioner paid the $5.00 filing fee and does not proceed *in forma pauperis*.

Having considered the pleadings, the record, matters of public record, and the applicable law, the Court DISMISSES this lawsuit for failure to exhaust, as follows.

### *Background and Claims*

Petitioner reports that she is being held under a void order of involuntary or otherwise unlawful civil commitment at the Behavioral Hospital of Bellaire in Harris County, Texas. She does not allege or otherwise show that she has sought state court review of the commitment order.

Although her pleadings are very difficult to follow, petitioner seemingly seeks to void all orders entered by the civil court in *In the Interest of K.L.W*. She states that K.L.W. is her minor son, and that he was removed from her home by CPS under fabricated grounds of child abuse. She apparently (and incorrectly) believes that the filing of this habeas petition voids the existing state court orders and removes all jurisdiction from the state courts. Petitioner requests that she be released from her current civil commitment at the Behavioral Hospital of Bellaire, and that her minor son, K.L.W., be released from custody of Children's Protective Services.

The exhibits attached to her petition show that a hearing has been set in the 314th District Court for May 18, 2017, to determine parent-child and custodial issues regarding K.L.W. The exhibits further show that the state is seeking to terminate the parental rights of petitioner and of the child's father. Significantly, the state court exhibits also show that on May 8, 2017, the 314th District Court issued emergency temporary orders naming the Texas Department of Family and Protective Services as temporary sole managing conservator of the child. It was granted all rights and duties listed in section 153.371 of the Texas Family Code, which includes "the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child." Petitioner was not named as a temporary possessory conservator. Consequently, petitioner has no standing in this lawsuit to represent the interests of the child, K.L.W. Moreover, because she does not allege or otherwise show that she is a licensed attorney, petitioner has no standing to raise claims on behalf of her husband, K.L.W.'s purported father. *See Weber v. Garza*, 570 F.2d 511, 514

(5th Cir. 1978) (holding that "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis.").

Consequently, only habeas claims related to petitioner herself may be addressed here.

*Analysis*

Petitioner argues that her current civil commitment at the Behavioral Hospital of Bellaire violates her constitutional rights and entitles her to habeas relief under section 2241. Although she asserts inconsistently that there are no state court orders for her commitment, she bases that claim on her argument that the orders are fabricated and void. Thus, it is clear that petitioner's current civil commitment is based on an underlying state court order.

Habeas petitioners seeking relief from state court orders are governed by section 2254, not section 2241. The Supreme Court has recognized that federal habeas corpus review may be available to challenge a state court order of civil commitment. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001); *see also Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988). Consequently, the Court construes this petition as one brought pursuant to section 2254.

A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in federal court. 28 U.S.C. § 2254. Section 2254 provides in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

3

> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement demands that an applicant fairly apprise the highest court of her state of the federal rights which were allegedly violated and to do so in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). In order to exhaust properly, a petitioner must "fairly present" all of her claims to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). Petitioner does not allege or show that she has exhausted her available state court remedies through the highest state court of Texas. Nor does she allege and show the existence of circumstances that render exhaustion through the state courts ineffective to protect her rights. Petitioner shows no reason why she cannot pursue an appeal of her civil commitment order through existing state court processes.

The habeas petition must be dismissed for failure to exhaust.

### *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to exhaust. Any and all pending motions are DENIED AS MOOT. To any extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas on May 18, 2017.

_____
Gray H. Miller
United States District Judge